UNITED STATES COURT OF APPEALS

February 16, 2011

TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ROBERT MICHAEL HANRAHAN,

    Defendant - Appellant.

No. 10-2113
(D. N.M.)
(D.C. No. 1:09-CV-00219-JB-KBM)

**ORDER DENYING CERTIFICATE OF APPEALABILITY,
AND DISMISSING APPEAL**

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

Robert Michael Hanrahan, a federal prisoner represented by appointed counsel, seeks a certificate of appealability (COA) to appeal from the district court's denial of his motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255. His petition was based upon alleged ineffectiveness of trial counsel. Because he has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny a COA.

## I.    BACKGROUND

Hanrahan was charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(c)(1). He testified at his first trial which resulted in a

hung jury. On retrial, the district court allowed the government to read Hanrahan's prior trial testimony into evidence but Hanrahan himself did not testify. The jury found him guilty and the court sentenced him as an "armed career criminal" to 235 months imprisonment. *See* 18 U.S.C. § 924(e). We affirmed his conviction and sentence. *See United States v. Hanrahan*, 508 F.3d 962 (10th Cir. 2007).

Hanrahan's § 2255 motion argues, *inter alia*, his counsel was constitutionally ineffective by depriving him of his constitutional right to testify at his second trial. The motion was referred to a magistrate judge who appointed counsel and held an evidentiary hearing. The magistrate judge issued a report recommending the district court deny Hanrahan's § 2255 motion because he had failed to show his counsel's conduct was deficient and even if counsel's performance was deficient, he had failed to show prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (to establish ineffective assistance of counsel in violation of the Sixth Amendment, a defendant must show (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense). The district court adopted the magistrate judge's recommendation. It concluded counsel had informed Hanrahan of his right to testify and explained to him why he should not testify—the government would attempt to impeach him on any inconsistency with his prior testimony—but did not order him not to testify. It further determined that even if counsel's performance was deficient, Hanrahan had not established prejudice because (1) his testimony from the first trial was read to the jury at his second trial, (2) he had failed to show what information he could have provided at his second trial which he did not testify to at his first trial and (3) any additional information

or other clarification of his prior testimony would have been used by the government to impeach his credibility. The court denied Hanrahan's subsequent request for a COA.

## II.   DISCUSSION

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether an applicant has satisfied this burden, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El*, 537 U.S. at 338.

We have carefully reviewed the record, the magistrate judge's report and recommendation, the district court's order and Hanrahan's application for a COA and proposed opening brief. Because we conclude no jurist of reason could debate the correctness of the district court's decision, we **DENY** Hanrahan's request for a COA and **DISMISS** this nascent appeal.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

- 3 -